PER CURIAM.
This defendant was sentenced to forty (40) years at hard labor subsequent to a guilty plea to Forcible Rape. He was initially charged with Armed Robbery, Simple Kidnapping, Aggravated Rape, and Aggravated Crime Against Nature. His guilty plea was pursuant to a plea bargain in which he agreed to plead to the lesser charge in exchange for his truthful testimony at the trial of his co-defendant. We affirm the sentence.
The defendant and two others were riding down the road when they noticed the victim at a stop sign. She was approached by a black male who forcibly made his way into her car. She was placed in the backseat and another black male drove off in her car. She was taken to two different parks, where she was forced to commit sexual acts on each black male. In addition, she was beaten severely about the face and head. After she had been raped by and had performed fellatio on all the subjects, the defendant began to drive the car to an abandoned house. The victim testified that she had earlier been robbed and that the defendant and the other man had found a pistol therein. She also stated that her life was threatened.
In route to the abandoned house, the defendant wrecked the car, at which point the victim escaped. She ran to a nearby house and called the police.
The defendant, in two assignments of error, contends that the sentence is excessive because the trial judge rendered the maximum available sentence in spite of mitigating circumstances; and further that the trial judge considered the totality of the circumstances rather than the offense to which the defendant pled.
Defendant admits to engaging in the use of drugs and alcohol, and is described as being easily influenced by peer pressure. He has a prior misdemeanor record, and a poor employment record. No dependents rely upon him for financial support.
This was a brutal crime and the defendant has received considerable leniency in being allowed to plead guilty to the reduced charge. It is entirely appropriate for the trial judge to consider the totality of the circumstances of the offense in passing sentence, even though the defendant may have pled to a reduced charge. State v. Roussel, 424 So.2d 226 (La.1982). Furthermore, a lesser sentence in this cause would deprecate the seriousness of this offense. We find no abuse of discretion in the sentence of forty (40) years at hard labor under the circumstances of this case.
The sentence appealed from is affirmed.
AFFIRMED.